**John HANDOJA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74203.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Gregory Michael Kelch, Oil, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**552**

MEMORANDUM **

John Handoja, native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts and affirms the IJ's decision while also adding its own reasons, the court reviews both decisions. *See Nuru v. Gonzales,* 404 F.3d 1207, 1215 (9th Cir.2005). We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Even assuming *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies to withholding of removal, substantial evidence supports the agency's denial of withholding of removal because Handoja has failed to demonstrate a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Substantial evidence also supports the agency's denial of withholding of removal because Handoja has similarly-situated family members who remain in Indonesia practicing Christianity without incident, including his father who is a pastor at a local church. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). In addition, the record does not establish that Handoja has demonstrated a pattern or practice of persecution against Chinese Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc).

Substantial evidence supports the agency's denial of CAT relief because Handoja has not shown it is more likely than not he will be tortured if returned to Indonesia. *See* 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

